[Nos. 7,210, 7,403.—Department Two.]

DAVID REESE v. HENRY HOECKEL.

CATHERINE HOECKEL v. DAVID REESE.

SPECIFIC PERFORMANCE—VENDOR AND VENDEE—INCUMBRANCE—PERFECT TITLE—SPECIFIC PERFORMANCE—JUDGMENT.—The defendant agreed to convey to the plaintiff a perfect title to a tract of land upon which there was at the time, a mortgage—which defendant refused to satisfy.

*Held*, in an action for specific performance by the vendee, that he was entitled to the relief prayed in his complaint, viz., "that the defendant cause the said tracts or lots of land to be released from said mortgage, or in default thereof that he secure plaintiff for the payment of the same and execute to plaintiff a sufficient conveyance of the said land with a perfect title thereto."

Id.—Id.—Id.—Id.—In another action upon the same contract by an assignee of the vendor for the purchase money: *Held*, that a tender of a conveyance by the vendor while the mortgage remained unsatisfied was not a compliance with the contract.

The appeal in *Hoeckel* v. *Reese* is from a judgment for the defendant and an order refusing a new trial in the Superior Court, County of Sacramento. Clark, J. The appeal in *Reese* v. *Hoeckel* is from a judgment for the defendant in the Sixth District Court, County of Sacramento. Denson, J.

The action of *Hoeckel* v. *Reese* is an action to recover the purchase price of a tract of land alleged to have been sold by the plaintiff to the defendant. It appeared that the plaintiff tendered the defendant a deed conveying the land subject to a mortgage.

*A. C. Hinkson* and *Dunlap & Van Fleet*, for Hoeckel.

*Freeman & Bates.* for Reese.

The Court:

This action was brought to compel the specific performance of a contract by which the respondent, upon a sufficient consideration, agreed to convey by deed to the appellant a perfect title to a certain tract of land described in the complaint. The respondent could not, by reason of the existence of a valid mortgage upon the premises, convey a perfect title without first satisfying said mortgage and procuring its discharge. This he refused to do. We think that appellant is entitled to the relief prayed in his complaint, viz.: " That the defendant cause the said tracts or lots of land to be released from said mortgage, or in default thereof, that he secure the plaintiff from the payment of the same, and execute to the plaintiff a sufficient conveyance of the said land with a perfect title thereto," but without damages—the jury having found against him upon that question. •

Judgment reversed, with directions that a judgment be entered in favor of the plaintiff and against the defendant in accordance with the foregoing opinion.

The following is the opinion rendered in *Hoeckel* v. *Reese*, No. 7,403:

The COURT:

This is the counterpart of *Reese* v. *Hoeckel,* No. 7,210.

We do not think that the deed tendered by the appellant to respondent would convey a perfect title to the premises, so long as there was a mortgage on them of prior date, unsatisfied and undischarged. The obligation of the respondent to pay depended upon a conveyance to him of a perfect title to the land, by appellant's assignor. No such conveyance having been tendered, it necessarily follows that no action for the consideration can be maintained.

Judgment and order affirmed.